UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 3, 2006*
Decided May 4, 2006

Before

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

No. 05-4032

LISA A. LUCAS,
    *Plaintiff-Appellant*,

    *v.*

THE METHODIST HOSPITALS, INC.,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.

No. 2:04-CV-188
Rudy Lozano, *Judge*.

**Order**

Lisa Lucas contends that her former employer violated the Americans with Disabilities Act when it did not find a new position for her after a reorganization abolished her old job. The district court granted summary judgment for the employer after concluding that the record would not permit a reasonable factfinder to infer that Lucas is disabled within the ADA's meaning.

Lucas worked as a registered nurse at Methodist Hospital from 1990 through 2003. During that time she suffered six injuries (two on the job, four in automobiles) that reduced her ability to bend, kneel, climb ladders, or lift heavy weights. These limitations did not stop Lucas from performing her job as a nurse. But in September

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

2003 the Hospital closed the department in which she had been working and told all of its employees that they would be laid off unless they found positions in other departments. Lucas applied for a job as a "care coordinator." During an interview, one of the Hospital's managers asked Lucas about her physical limitations and, when told what they are, remarked: "Well, I don't know if I can accommodate those restrictions." This comment forms the basis of Lucas's contention that the Hospital engaged in disability discrimination when it did not hire her for this position.

On appeal Lucas does not contend that she is unable to perform any particular "major life activity." Her four-page brief is short on specifics and omits the narrative and argument required of appellate litigants, making it hard to determine just where she contends the district judge went wrong. See Fed. R. App. 28(a); Circuit Rule 28(a), (c). We could have deemed all arguments forfeited but have endeavored to understand those to which the brief alludes.

Lucas maintains that the Hospital gave her a pass to use parking spaces reserved for disabled employees, which might show that it regarded her as disabled—one of the three statutory ways to qualify, see 42 U.S.C. §12102(2)—but no evidence to this effect is in the record. (Lucas blames her lawyer, but the acts of counsel in civil litigation are imputed to the client and do not justify a second opportunity to proceed against the original adversary. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396–97 (1993). The remedy for any deficient performance is malpractice litigation against the lawyer.) She also contends that the Social Security Administration's award of disability benefits proves her status as "disabled" under the ADA, but that decision too is not in the record (it was made after the district court entered final judgment) and would not be conclusive if it were, for the standards under the ADA and the Social Security Act differ. See *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999).

We may assume that the supervisor's comments during the interview for the care-coordinator position show that the Hospital regarded Lucas as physically unable to do that job even with accommodations. Still, inability to perform one job does not show either actual disability or the regarded-as variant. See *Toyota Motor, Inc. v. Williams*, 534 U.S. 184 (2002). Methodist Hospital obviously did not deem Lucas unable to perform *all* jobs; it had employed her for many years after her accidents. Proof that she was unable (actually, or so regarded in error) to perform a *particular* job does not bring a person within the statute, as *Toyota* and other decisions hold. Many people with back problems continue working, as Lucas herself did until 2003. Lucas has not demonstrated that she is unable to perform any major life activity, such as caring for herself or performing manual tasks in general. Summary judgment therefore was appropriate.

AFFIRMED